**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD COZAD,

Defendant - Appellant.

No. 05-8118

D. Wyoming

(D.C. No. 05-CR-150-B)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Ronald Cozad was sentenced to 60 months' imprisonment after pleading guilty to a drug-conspiracy charge. His counsel has filed an *Anders* brief, *see Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw as counsel. The brief notes only one possible issue for appeal—the alleged error in assigning a criminal-history point for a prior bad-check conviction—and explains why it has

---

[*]After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

no merit. After reviewing the record, we agree that there are no meritorious issues for appeal, grant the motion to withdraw, and dismiss the appeal.

On August 12, 2005, Mr. Cozad pleaded guilty in the United States District Court for the District of Wyoming to one count of conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The original presentence report (PSR) determined that his criminal-history category was II, on the basis of one criminal-history point for each of three prior convictions. Taking into account the statutory mandatory minimum sentence of five years, the PSR calculated the appropriate Guidelines range for Mr. Cozad's sentence to be 60 to 63 months' imprisonment.

Mr. Cozad objected to being assigned criminal-history points for two of his prior convictions: a bad-check conviction and a DUI conviction. The response by the author of the PSR conceded the validity of the objection to the DUI conviction but continued to assign a point for the bad-check conviction, resulting in a revised criminal-history score of 2. Mr. Cozad wished to lower his criminal-history score to 1 to be eligible for the "safety valve" provided by 18 U.S.C. § 3553(f), which permits a sentencing court to depart below a mandatory minimum in certain situations. At sentencing, however, the district court rejected his objection to counting the bad-check conviction and accepted the Guidelines

range calculated by the PSR.  It imposed a sentence of 60 months' imprisonment, the mandatory minimum.  Mr. Cozad timely appealed.

In compliance with *Anders*, counsel provided Mr. Cozad with a copy of his appellate brief.  Mr. Cozad has not filed a pro se reply.  We can readily dispose of the one issue raised in the brief—the alleged error in assessing one criminal-history point for Mr. Cozad's bad-check conviction.

Mr. Cozad was charged with issuing a bad check in Nebraska in 2000 and was sentenced to a year of probation.  He now argues that he should not have been given a criminal-history point for the conviction because he pleaded no contest to a misdemeanor with a maximum penalty of six months' imprisonment.  As his counsel points out, criminal-history points are not awarded for every misdemeanor conviction.  United States Sentencing Guidelines § 4A1.2(c) provides:

> Sentences for all felony offenses are counted.  Sentences for misdemeanor and petty offenses are counted, except as follows:
>
> (1)　　Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
>
> 　　. . .
>
> 　　Insufficient funds check
>
> 　　. . . .

But the exemption for a listed offense does not apply "if . . . the sentence was a term of probation of at least one year." *Id.* Because Mr. Cozad received a sentence of a year of probation on the bad-check charge, his conviction was to be counted under the Guidelines. *See United States v. Perez de Dios*, 237 F.3d 1192, 1199 (10th Cir. 2001) (misdemeanor offense with sentence of one year of probation counted in criminal history); *United States v. Williams*, 919 F.2d 1451, 1457 (10th Cir. 1990) (applying criminal-history point to offense for which "a probation term of at least one year was imposed.")

There also being no other error apparent in the record, we GRANT counsel's motion for withdrawal and DISMISS this appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge